# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7078 | **DATE** | 7/17/2001 |
| **CASE TITLE** | Dedicated Transportation vs. Volkswagen of America | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Dedicated's complaint satisfies the requirement of Rules 9(b) and 12(b)(6). Accordingly, the court denies defendant's motion to dismiss. We express, of course, no opinions regarding the ultimate merits of Dedicated's claims. Defendant is directed to answer within 14 days of this order. (11-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | JUL 18 2001 date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| TP | courtroom deputy's initials | date mailed notice |

ED-7
FILED FOR DOCKETING
01 JUL 17 PM 5:27

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

16

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEDICATED TRANSPORTATION, INC. | ) | |
| an Illinois Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 00 C 7078 |
| | ) | |
| VOLKSWAGEN OF AMERICA, INC. | ) | |
| a New Jersey Corporation | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Volkswagen of America, Inc. has moved to dismiss the amended complaint of plaintiff Dedicated Transportation, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6). Volkswagen argues that Dedicated's claims are barred by the Illinois Statute of Frauds and that its claim of equitable estoppel is legally insufficient. For the reasons set forth below, Volkswagen's motion is denied.

### FACTS

Volkswagen is a motor vehicle importer and distributor. Dedicated is a contract truck carrier. In a letter dated June 30, 1998, Volkswagen requested that various contract truck carriers, including Dedicated, submit bids for delivering after-market vehicle parts to Volkswagen dealers in the Midwest. The letter required carriers to provide specific information in the proposals, including weekly fixed charges, equipment to be provided, variable charges including a cost per mile and stop charge, and that a three year contract would be signed.

In its proposal submitted to Volkswagen, Dedicated itemized a list of charges and terms

and conditions which covered the required elements in the bid request. The proposal ended with a request for a three-year agreement. It proposed holding the rates steady for the first year of the contract and making subsequent rate adjustments by mutual agreement based upon documented changes in service costs. Dedicated alleges that on the basis of its proposal and after further oral negotiations on pricing, Volkswagen awarded it a three-year contract at a meeting on or about November 30, 1998.

Three months after the meeting, Dedicated provided Volkswagen with detailed pricing schedules and invoices incorporating pricing for a three-year term. By that time, Dedicated had already begun delivering parts for Volkswagen. After it delivered the pricing schedules, Dedicated received a draft one-year contract from Volkswagen which, Dedicated admits, the parties never discussed nor signed. Dedicated alleges that it believed it was unnecessary to review or sign the contract as it had already begun performing under the terms of its August proposal. Dedicated also believed its pricing schedules confirmed the material terms of the parties' agreement — reflecting a three-year contract and commensurate pricing. Volkswagen, Dedicated claims, confirmed its assent to a three-year contract and its related pricing schedule by paying Dedicated's invoices, which were based on that pricing schedule.

On March 23, 2000, Volkswagen gave Dedicated written notice that it planned to terminate delivery service by Dedicated. The letter stated:

> With reference to your dedicated delivery proposal for Volkswagen of America.... We appreciate all your efforts with the bid proposal and your current dedicated service to our dealers, however Volkswagen has selected another dedicated carrier. This letter will serve as our notification to terminate delivery service with Dedicated Transportation, Inc. on April 24, 2000. Volkswagen of America appreciates your continued service to our dealer network until our agreement ends.

In Count 1 of its amended complaint, Dedicated alleges that Volkswagen's termination breached the parties' purported three-year contract. In Count 2, Dedicated asks that Volkswagen be estopped from denying it agreed to a three-year contract, claiming that Volkswagen concealed or failed to disclose its intent not to honor the agreement and that Volkswagen would be unjustly enriched if it were allowed to keep the financial benefit of Dedicated's lower pricing, which had been predicated on a three-year relationship.

## DISCUSSION

In reviewing a motion to dismiss under Rule 12(b)(6), a court must take as true the complaint's well pleaded facts, drawing all reasonable inferences in the plaintiff's favor. *Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995) (citing *Warzon v. Drew*, 60 F.3d 1234 (7th Cir. 1995)). The court does not determine the merits of the case but instead simply ensures the complaint is sufficient. *Bensdorf & Johnson, Inc. v. Northern Telecom, Ltd.*, 58 F. Supp.2d 874, 877 (N.D. Ill. 1999) (citing *Triad Associates, Inc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989)). A complaint may not be dismissed unless it is clear that the nonmovant can prove no set of facts supporting its claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### Count 1

Volkswagen argues that Dedicated's breach of contract claim is barred by Illinois Statute of Frauds. The statute states that:

> No action shall be brought...upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged herewith, or

some other person thereunto by him lawfully authorized. 740 ILCS 80/1. Volkswagen claims that its alleged agreement with Dedicated, by Dedicated's own admission, cannot be performed in one year. Dedicated does not dispute this assertion. This puts the agreement within the Statute of Frauds.

To avoid the statute, Dedicated must present a written agreement or other memoranda that meet the requirements of the statute. The writing must reflect the parties' agreement and be signed by the party disavowing the contract. *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) (citing *Chapman v. Freeport Securities Co.*, 174 Ill. App.3d 847 (1988)). Several signed and unsigned writings may be used in combination to prove an agreement. *Id.* The signed document must, however, refer to the unsigned documents, or the documents must be so connected that they clearly relate to the same contract. *Id.*

Dedicated argues there are several documents which when taken together are sufficient to satisfy the Statute of Frauds. These include Volkswagen's signed request for proposals; Dedicated's bid letter which proposed terms and conditions, duration and pricing; Dedicated's pricing schedules referencing a November 1998 agreement; its invoices to Volkswagen; Volkswagen's checks; and the termination letter.

Volkswagen claims these writings are insufficient to avoid the Statute of Frauds. First, it argues, the request for proposals cannot be taken as an offer to contract or as part of a contract, and that Dedicated's bid submission was an offer, not an agreement. *See Premier Electrical Construction Co. v. Miller Davis*, 422 F.2d 1132, 1135 (7th Cir. 1970). As a result, Volkswagen argues, neither can be used as evidence of an agreement. It also argues that neither the checks, the invoices, nor the pricing schedules reference a three-year contract. These documents,

-4-

Volkswagen contends, should be viewed as "collateral" and cannot be used to enforce an agreement which is within the Statute of Frauds.

This line of argument seems to suggest that the only acceptable writings are those which contain all the terms of the agreement and expressly refer to each other. Not so. Dedicated can prevail against a Statute of Frauds defense if the documents are so connected that they clearly relate to the same contract. *Bower*, 978 F.2d at 1008. Volkswagen's request for proposals stated that the contract to be awarded would be for three years. As a result, Dedicated submitted a proposal tailored to Volkswagen's specifications. It set up a pricing schedule based on a three-year deal proposal and submitted invoices based on that pricing schedule. Dedicated's proposal had the essential terms, including the pricing and the duration, forming the basis of an agreement. The checks, signed by Volkswagen, paid for services based on Dedicated's proposal and pricing schedule. And Volkswagen's termination letter, though not without ambiguity, referred to Dedicated's bid proposal as well as to "our agreement." These documents, when taken together, might be determined to compose writings sufficient to avoid the Statute of Frauds.

Volkswagen next argues that there was no contract at all. Both parties agree that neither signed a formal, written contract — despite Volkswagen's request for proposals and Dedicated's bid both calling for it. The draft contract called for a one-year termination clause, indicating, Volkswagen claims, a lack of meeting of the minds on the duration of the contract. As a result, Volkswagen claims, there was no agreement and therefore no contract.

The Court disagrees. The fact that there was no single, formal document attesting to a three-year contract does not mean there was no agreement at all. A valid contract requires an offer, acceptance and consideration. *Bensdorf & Johnson, Inc.*, 58 F. Supp. 2d at 877. The terms

must be clear and definite so that a court may determine the parameters of the agreement and when it was breached. *Id.* Dedicated's proposal was certainly definite enough to form a contract if accepted by Volkswagen, and Dedicated alleges that Volkswagen accepted the proposal. For present purposes, we must take these allegations as true. The fact that Volkswagen later proposed a one-year deal does not necessarily mean that there had not been a meeting of the minds as to a three-year contract.

### Count 2

In Count 2, Dedicated asserts promissory estoppel and equitable estoppel as alternative bases for recovery. Volkswagen claimed that Dedicated cannot obtain relief on a theory promissory estoppel as it is not an exception to the Statute of Frauds. *First National Bank v. McBride Chevrolet Inc.*, 267 Ill. App.3d at 373. Dedicated does not dispute this argument but instead focuses on its claim of equitable estoppel.

Equitable estoppel is an exception to the Statute of Frauds, however, a plaintiff must provide proof of reliance on a factual misrepresentation by the defendant in order to succeed on this theory. *Haas*, 933 F. Supp. at 1391 (citing *Vaughn v. Speaker*, 126 Ill.2d 150, 162-63 (1988), as to the elements of equitable estoppel). As estoppel "is premised on a showing of intentional deception or gross negligence," Rule 9(b) requires that the circumstances of the alleged fraud be alleged with particularity. *Household Financial Services, Inc. v. Northeastern Mortgage Investment Corp.*, 2000 WL 816795, *2.

Dedicated alleges that Volkswagen should be estopped from denying the existence of an agreement because it either concealed or failed to disclose its intent not to honor the parties' agreement. Dedicated claims that in reliance on an alleged three-year deal, it priced its services

lower than normal for the first year in anticipation that it would recoup all of its expenditures over the three-year term. Dedicated argues that if it had known of Volkswagen's alleged intention to cut short the contract, it would not have held its prices at a lower-than-normal level for a year.

Volkswagen argues that Dedicated's suspicions do not meet the requirements of Rule 9(b) as the allegations are conclusory, and that in any event the allegations are insufficient to support an equitable estoppel claim. Because Dedicated's equitable estoppel claim is based on Volkswagen's future intention to breach a contract, Dedicated must also allege that Volkswagen engaged in a scheme to defraud. *See Haas*, 933 F. Supp. at 1391. There must also be affirmative misrepresentations, not just concealment. *See id.* at 1392. Since Dedicated does neither, Volkswagen claims, its claim of equitable estoppel is not valid.

Dedicated, however, has alleged a scheme to defraud as well as affirmative misrepresentation. It claims that Volkswagen said it wanted a three-year deal but really just wanted to get the benefit of the lower pricing that a three-year proposal would bring. According to Dedicated, Volkswagen succeeded in its scheme; Dedicated agreed to hold prices steady "for the first year...." *See* Plaintiff's Exhibit 2. If, as Dedicated alleges, Volkswagen never really intended to be bound for three years, its contrary statement could be considered a misrepresentation, and its inducement of Dedicated to provide cut-rate service for a year arguably could be considered a scheme to defraud. Count 2 meets the requirements of Rule 9(b) as well as the elements of equitable estoppel.

## CONCLUSION

Dedicated's complaint satisfies the requirements of Rules 9(b) and 12(b)(6).

Accordingly, the court denies defendant's motion to dismiss. We express, of course, no opinions regarding the ultimate merits of Dedicated's claims. Defendant is directed to answer within 14 days of this order.

Date: July 17, 2001

MATTHEW F. KENNELLY
United States District Judge